UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-cv-00279 |
| | § | |
| CAPITAL LAND SERVICES, INC., a/k/a | § | |
| CLS GROUP; JASON WALKER, MATT | § | |
| TIPTON, UNKNOWN EMPLOYEES OF | § | |
| CLS GROUP #1-#9, UNKNOWN | § | |
| CLIENTS OF CLS GROUP #1-#9; JON | § | |
| DOUGHS #1-#9. | § | |
| | § | |
| Defendants. | § | |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Phillip David Haskett, filed this lawsuit on August 27, 2014, against Defendants Capital Land Services, Inc., a/k/a CLS Group; Jason Walker; Matt Tipton; "Unknown Employees of CLS Group #1-#9;" "Unknown Clients of CLS Group #1-#9;" and "John Doughs [sic] #1- #9". (Dkt. 1).

Haskett is a Texas resident who is appears in this lawsuit *pro se*.[1] He alleges that Defendants unlawfully discriminated against him by refusing to hire him because of his

---

[1] Although Haskett is *pro se*, he is well familiar with the litigation process. Haskett has filed suit numerous times in this Court and others, bringing boilerplate claims of age discrimination and intentional interference with prospective employment against one company after another. *See, e.g., Haskett v. Percheron, LLC* et al, No. 3:14-cv-00257, filed July 24, 2014 (age discrimination based upon failure to hire Haskett from his response to on-line job postings); *Haskett v. T.S. Dudley Land Company, Inc. et al*, No. 3:14-cv-00277, filed August 27, 2014, (same, also seeking declaratory judgment that contract landmen hired by Defendant are properly classified as "employees"); *Haskett v. Cinco Energy Management Group et al*, No. 3:14-cv-00280 (age discrimination, declaratory judgment, and intentional interference with prospective employment opportunities by Defendants); *Haskett v. Continental Land Resources, LLC et al*, No. 3:14-cv-

1

age, and that they conspired with other companies to "deny Haskett further gainful employment in the petroleum land management industry." Haskett also alleges CLS, Jason Walker, and Matt Tipton are liable for "intentional interference with employment opportunities" and breach of a Settlement Agreement that settled a lawsuit Haskett filed against CLS in 2009. Finally, Haskett also seeks a declaratory judgment that "'contract landmen' employed by CLS are employees subject to federal labor legislation, including the Age Discrimination in Employment Act of 1967."

## FACTUAL BACKGROUND

Haskett alleges that he was born in 1957, and that he has been a Registered Professional Landman since 2008. CLS is a petroleum land management service provider who hired Haskett as an independent contractor in 2008. During his employment with CLS, Haskett alleges that CLS showed an "infuriating lack of diligence or competence" that resulted in Haskett's ability to perform his duties as a landman being "hopelessly compromised." According to Haskett, he resigned from CLS in August 2008, but he nonetheless continued to negotiate a particular deal for CLS until it instructed him to make "fraudulent misrepresentations" on its behalf, and it then ultimately terminated Haskett's employment for his refusal to make such misrepresentations. Haskett sued CLS in Colorado in February 2009, but he shortly thereafter agreed to settle that lawsuit and entered into a settlement agreement with CLS. However, Haskett now alleges that CLS has breached the confidentiality of that 2009 settlement agreement, and he also alleges

---

00281 (age discrimination and declaratory relief claims); *Haskett v. Orange Energy Consultants, LLP et al*, No. 3:14-cv-00348 (age discrimination and declaratory relief claims);

that CLS has been "engaged in a six-year long effort to retaliate against Haskett for this [Colorado] lawsuit by communicating the fact that Haskett had filed suit to obtain payment of his wages to all other companies engaged in the petroleum land management industry."

Although his relationship with CLS in 2008 was so contentious that it resulted in the 2009 lawsuit, Haskett alleges that he has nonetheless applied, repeatedly, to be re-hired by CLS. Haskett's Complaint alleges that he sought employment by posting his qualifications and resume on the website "Landmen.net," and that "CLS has posted several job openings on Landmen.net for which Haskett has applied by submitting his resume, but [he] never received any response." Haskett therefore alleges that this refusal to re-hire him is evidence that "CLS [is] engaging in discriminatory hiring practices designed and intended to exclude older, more experienced landmen such as himself from continued employment, as part of a suspected industry-wide effort to replace the existing labor force with younger, less experienced but more easily manipulated employees . . . and to present an ostensibly younger and presumably more dynamic workforce for prospective clients." This belief led Haskett to file a complaint with the EEOC, who issued a right to sue letter on April 25, 2014. In its response to the EEOC, CLS referred to the Settlement Agreement and its prior litigation with Haskett, and included a redacted copy of that Settlement Agreement. Haskett claims that this EEOC response is further evidence that CLS has violated the confidentiality of the Settlement Agreement. Haskett also alleges that CLS's response to the EEOC, which included the statement that CLS had "learned that Mr. Haskett has recently filed other claims for EEOC related charges

3

against other companies in our area which may indicated a pattern of behavior with him" is evidence of a civil conspiracy between CLS and other companies to deny him employment in violation of the Age Discrimination in Employment Act of 1967.

Defendants CLS, Walker and Tipton now seek summary judgment on all of Haskett's claims against them. Defendants allege that there is no genuine issue of material fact on any of Haskett's claims against them. The Court agrees.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant produces evidence tending to show that there is no genuine dispute of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 321–323. The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), citing *Celotex*, 477 U.S. at 324. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "If the

4

nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted." *Celotex*, 477 U.S. at 322-23.

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.) (citing *International Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991)), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Similarly, hearsay evidence, unless it falls within a recognized exception, is not competent summary judgment evidence. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Additionally, allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995) (for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991). Finally, the Court notes that Rule 56(c)(4) requires that, to be competent summary judgment evidence, an affidavit must be made on personal knowledge, set out facts that would be admissible, and show that the affiant is competent to testify on the matters stated. FED. R.

CIV. P. 56(c)(4). Conclusory allegations are not sufficient evidence to create a fact issue. *Travelers Ins. Co. v. Liljeberq Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Further, parties have the obligation to specifically point out the evidence upon which they rely. Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A); *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013). Under Rule 56(c)(3), "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The Fifth Circuit has explained that, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) ; *see also Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (concluding that a deposition "was never made part of the competent summary judgment record before the district court" because the party opposing summary judgment "failed to designate, or in any way refer to, the deposition as the source of factual support" for its response to the summary judgment motion).

The Court applies the above standards while remaining mindful that a *pro se* plaintiff's motions and pleadings are to be construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Further, although Haskett has not filed any response to Defendants' motion for summary judgment, this Court may not enter default for the Defendants, but will instead perform an analysis of Defendants' motion, point by point,

to determine whether Defendants have shown themselves entitled to summary judgment in their favor.

## ANALYSIS

Along with their motion for summary judgment, Defendants have included the following summary judgment evidence: (1) the EEOC file relating to Haskett's complaint against CLS (and other companies); (2) an Order and a Memorandum and Recommendation from two other lawsuits that Haskett has filed in which he makes similar age discrimination complaint against companies that have failed to hire him; (3) e-mails between CLS employees and Haskett in 2008 and 2009; (4) Haskett's complaint and stipulation of dismissal from the 2009 Colorado lawsuit; and (5) the Settlement Agreement that CLS and Haskett signed in 2009.

Despite adequate time, Haskett has not filed any response to the Defendants' motion for summary judgment, nor has he made any objection to Defendants' summary judgment evidence.

### A. Claim for Breach of Settlement Agreement

The Court first turns to Haskett's claim that CLS breached the Settlement Agreement that it signed to resolve the 2009 Colorado lawsuit. Specifically, Haskett alleges that CLS breached its duty to keep the settlement confidential by disclosing the existence of the Settlement Agreement to the EEOC and by disclosing the settlement agreement to other companies. Haskett generally alleges that he has "personally suffered damages in excess of $75,000.00" because of these disclosures.

7

The "Settlement Agreement" is attached to Defendant's motion for summary judgment. The agreement states, "This Agreement shall be construed in accordance with, and governed by, the laws of the State of Colorado." It is a straightforward 3-page document that resolves Haskett's 2009 lawsuit for a sum of money, the amount of which has been redacted. In exchange for the settlement sum, Haskett agreed to file a Stipulation of Dismissal with Prejudice in the Colorado court where his lawsuit was pending. Paragraph 6 of the Agreement is entitled "No Admission of Liability" and states,

> This Agreement is being entered into for purposes of compromise and settlement of a disputed claim and in order to avoid unnecessary expense. Nothing contained herein shall be deemed, interpreted or construed as an admission of liability by any party. The parties shall keep this Agreement confidential and shall not disclose to any third party (other than their employees, attorneys, taxing authorities and tax preparers) the Settlement Sum.

Haskett alleges that CLS had a duty to keep the very existence of the agreement confidential, and that it breached this duty by providing a redacted copy of the Agreement with its response to Haskett's EEOC charge as well as informing other companies of the Agreement. Defendants respond by pointing out that Haskett conflates the duty to keep the *amount* of the settlement confidential with the duty to keep the *existence* of the Settlement Agreement confidential. Further, Defendants contend that (1) disclosing the Agreement to the EEOC was not a breach of the Agreement, and (2) there is no evidence that CLS disclosed the Agreement's amount or existence to any other companies.

The Court agrees with Defendants on all of these points. Accordingly, CLS is entitled to summary judgment in its favor on this claim.

**B. Claim for Interference with Potential Employment**

Next, Haskett alleges that Defendants have wrongfully prevented him from obtaining employment. Defendants contend there is no evidence to show that they have communicated with prospective employers regarding Haskett. Further, Defendants point out that Haskett's lawsuit in 2009 is a matter of public record and that his history of past litigation is a plausible reason for Haskett's current difficulties in securing employment.

"[T]o recover for tortious interference with a prospective business relation a plaintiff must prove that the defendant's conduct was independently tortious or wrongful." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001). The plaintiff must allege that: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

Again, the Court agrees with Defendants. There is no evidence in the record to show that Defendants communicated with any prospective employers regarding Haskett's potential employment with those other companies, nor is there any evidence to show that

there was a reasonable probability that Haskett would have entered into a business relationship with any of these alleged prospective employers, or that the alleged interference proximately caused Haskett any actual injury. In conducting this analysis, the Court also takes judicial notice of Haskett's litigation history against his past and prospective employers, which is significant and easily available to the public through the electronic docketing system of the United States Courts and the various state courts. Accordingly, Defendants are entitled to summary judgment in their favor on this claim.

### C. Claims of Age Discrimination

Next, Defendants contend that there is no evidence to raise a genuine dispute of material fact on Haskett's claim that CLS unlawfully discriminated against him on the basis of his age. The Court agrees.

"Under the ADEA, it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 349–50 (5th Cir. 2005) (quoting 29 U.S.C. § 623(a)(1)) (internal quotation marks omitted). When an employee-plaintiff relies only on circumstantial evidence to plead an alleged violation of the ADEA, the claim is analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as applied in *Machinchick*, 398 F.3d at 350. Pursuant to the modified *McDonnell Douglas* approach, the initial burden is on the plaintiff to make a prima facie showing of discrimination. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Rachid*, 376 F.3d at 312.

This prima facie case requires a plaintiff to show that: (1) he was over forty; (2) he was qualified for the position sought; (3) she was not promoted; and (4) the position was filled by someone younger or the failure to promote was due to her age. *Tratree v. BP North American Pipelines, Inc.*, 277 Fed. App'x. 390, 395 (5th Cir. 2008) (citing *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998)). "[A]fter the employee demonstrates a prima facie case of discrimination and the employer meets its burden of positing a legitimate, nondiscriminatory reason for the employment action, the burden falls to the employee to establish that the employer's permissible reason is actually a pretext for discrimination." *Roberson v. Alltel Information Services*, 373 F.3d 647, 651 (5th Cir. 2004). "Although intermediate evidentiary burdens shift back and forth under this framework, [t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves*, 530 U.S. at 143.

If the plaintiff makes this prima facie showing, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the challenged discharge. *Kean v. Jack Henry & Assoc., Inc.*, 2014 WL 3894267, at *6 (5th Cir. Aug. 11, 2014). Upon production of such evidence, the presumption of discrimination created by the plaintiff's prima facie case dissolves, and the burden returns to the plaintiff "to prove either that the employer's proffered reason was not true—but was instead a pretext for age discrimination—or that, even if the employer's reason is true, he was terminated because of his age." *Id.* (citing *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010)). Pretext may be shown "either through evidence of disparate treatment or by

11

showing that the employer's proffered explanation is false or unworthy of credence. But a reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *Kean*, 2014 WL 3894267, at *6 (citing *Holliday v. Commonwealth Brands, Inc.*, 483 Fed. App'x. 917, 921 (5th Cir. 2012) (emphasis in original). Ultimately, "[w]hen a plaintiff alleges disparate treatment, 'liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.'" *Reeves*, 530 U.S. at 141, 120 S.Ct. 2097 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). The Supreme Court has clarified that this means the plaintiff must prove by a preponderance of the evidence that age was the "but-for" cause of the adverse employment action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009); *see also Stennett v. Tupelo Pub. Sch. Dist.*, 13-60783, 2015 WL 4569205, at *4 (5th Cir. July 30, 2015)

Here, Haskett alleges that he was over 40 years old when CLS failed to hire him after he posted his resume and qualifications on Landmen.net, and that CLS's failure to hire him was due to CLS's discrimination against his age. In response, CLS contends that the reasons it failed to hire Haskett were at least two-fold: (1) Haskett did not meet the criteria that applicants be "local" to Oklahoma, (2) and Haskett's rate was outside of the range CLS was willing to pay. CLS also points to its prior, problematic relationship with Haskett, and that it had previously hired Haskett when he was over 40 years old, and that, during that previous employment, Haskett had been "insubordinate, unprofessional, and difficult to work with." Defendants further point out that Haskett has not shown that any

12

of the reasons that CLS has offered were untrue, nor is there any evidence that Haskett's age formed any part of CLS's decision not to hire him a second time.

Further, Haskett has failed to provide any evidence that younger people were hired for the job he sought, or that any of those people were less qualified than he was. In fact, Haskett has not filed a response to Defendant's motion and evidence, and he has not sought to provide this Court with any evidence to show a genuine dispute of material fact to prevent this Court from entering summary judgment in Defendants' favor. Accordingly, the Court finds that the evidence presented by Defendants shows that they are entitled to summary judgment in their favor on this claim.

### D. Declaratory Judgment Claim

Finally, Haskett seeks a declaratory judgment from this Court stating that all of the "independent contractor" landmen that CLS hires are, in fact, "employees" under the EEOC's Guidelines and relevant case law. Defendants move for summary judgment on this claim, pointing out that there is no justiciable controversy between the parties on this issue.

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix v. Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "A federal district court must determine (1) whether the declaratory action is

justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). "The federal Declaratory Judgment Act [however] ... does not create a substantive cause of action ... [it] is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *O'Neill v. CitiMortgage, Inc.*, No. 4:13-cv-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014). "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas Cnty.*, 805 F. Supp.2d 322, 339 (S.D. Tex. 2011). In order for a court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [the plaintiff] will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

Based upon the summary judgment record before it, the Court agrees with Defendants. There is no evidence to show a substantial likelihood that Haskett will suffer a future injury if CLS continues to classify its landmen as independent contractors—in fact, he actually alleges that CLS has refused to hire him in that capacity. Taking his allegation as true, it is accordingly unlikely that a future controversy regarding such hypothetical future employment could emerge.

## CONCLUSION[2]

After careful consideration of the pleadings, the motion for summary judgment, the record and evidence in this case, and the arguments of the parties, the Court finds that there is no genuine dispute as to any material fact and that Defendants should be granted judgment as a matter of law on Haskett's claims against them. Accordingly, Defendants' motion for summary judgment is, hereby, **GRANTED**.

**IT IS SO ORDERED.**

**Final judgment will be entered separately.**

SIGNED AT GALVESTON, TEXAS, on December 9 2015.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Haskett also asserted claims for "respondeat superior," but this is not an independent cause of action. *Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 138 (5th Cir. 1990).