United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-279 |
| | § | |
| CAPITAL LAND SERVICES, INC.; aka | § | |
| CLS GROUP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The plaintiff in this case, Phillip David Haskett, is proceeding *in forma pauperis* and *pro se*. He filed this lawsuit in August 2014, bringing claims against Defendants Capital Land Services, Inc., a/k/a CLS Group; Jason Walker; Matt Tipton; "Unknown Employees of CLS Group #1-#9;" "Unknown Clients of CLS Group #1-#9;" and "John Doughs [sic] #1- #9".[1]

Haskett's Complaint alleged that Defendants unlawfully discriminated against him by refusing to hire him because of his age, and that they also conspired with other

---

[1] Although Haskett is *pro se*, he is very familiar with the litigation process. Haskett has filed numerous times, lodging boilerplate claims of age discrimination and intentional interference with prospective employment against one company after another. *See, e.g., Haskett v. Percheron, LLC* et al, No. 3:14-cv-00257, filed July 24, 2014 (age discrimination alleged due to failure to hire Haskett via on-line job postings); *Haskett v. T.S. Dudley Land Company, Inc. et al*, No. 3:14-cv-00277, filed August 27, 2014, (age discrimination due to failure to hire via on-line job posting, also seeking declaratory judgment that contract landmen are properly classified as "employees"); *Haskett v. Cinco Energy Management Group et al*, No. 3:14-cv-00280 (age discrimination, declaratory judgment, and intentional interference with prospective employment opportunities by Defendants); *Haskett v. Continental Land Resources, LLC et al,* No. 3:14-cv-00281 (age discrimination and declaratory relief claims); and *Haskett v. Orange Energy Consultants, LLP et al,* No. 3:14-cv-00348 (age discrimination and declaratory relief claims).

companies to "deny Haskett further gainful employment in the petroleum land management industry." Haskett further alleged CLS, Jason Walker, and Matt Tipton are liable for "intentional interference with employment opportunities," and breach of a Settlement Agreement that settled a lawsuit Haskett filed against CLS in 2009. Finally, Haskett sought a declaratory judgment that "'contract landmen' employed by CLS are employees subject to federal labor legislation, including the Age Discrimination in Employment Act of 1967."

This case was originally assigned to United States District Judge Lee H. Rosenthal. Judge Rosenthal set an initial scheduling conference within 90 days of the case being filed—November 21, 2014. Judge Rosenthal also issued an order for discovery in the case, requiring that the parties exchange documents and information according to an "INITIAL DISCOVERY PROTOCOL[] FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION." Under that Initial Discovery Protocol Order, Haskett was to provide his "Initial Discovery" to Defendants within 30 days of Defendants' answer. That "Initial Discovery" was to include a broad array of documents, such as all of the communications concerning the allegations between Haskett and Defendants; any claims or lawsuits that related to any of the allegations; diary, journal or calendar entries; Haskett's resume; communications with potential employers, job search efforts, and other employment; and any other documents upon which Haskett would rely. Within the same time period, Defendants were also required to send their "Initial Discovery" to Haskett, including all relevant communications between Haskett and Defendants, Haskett's personnel file; documents relating to the formation and termination of Haskett's

employment relationship with Defendants; responses to claims, suits, charges, or complaints relating to Haskett's allegations; Haskett's performance evaluations and formal discipline; documents relied upon to make the employment decisions at issue; relevant workplace policies or guidelines; handbooks; and any other document upon which the Defendants would rely to support defenses, affirmative defenses, or counterclaims, including any other document describing the reason for the adverse action. Defendants were required to identify Haskett's supervisors and managers, persons involved in making the decision not to hire Haskett, and persons believed to have knowledge of relevant facts.

Defendants filed their answer on September 22, 2014. On October 22, 2014, Defendants filed their "Initial Discovery Responses," indicating which categories of responsive documents they possessed, and stating that they would produce the documents on November 21, 2014, upon the entry of the Confidentiality Order. Dkt. 10. Defendants then filed a "Supplemental Initial Discovery Response," stating that over 360 pages of responsive documents were being produced to Haskett on October 31, 2014. Dkt. 14. The Joint Discovery/Case Management Plan filed by Haskett and Defendants affirms that the parties exchanged responsive documents on October 31, 2014, and that Haskett intended to serve interrogatories within 45 days and take depositions within 60 days. Dkt. 15. The parties appeared before Judge Rosenthal on December 5, 2014, and the docket sheet and minute entries do not reveal any concerns or problems that Haskett raised regarding discovery or receipt of the Initial Discovery documents from Defendants. Accordingly,

Judge Rosenthal allowed an additional 90 days for discovery, and she set March 6, 2015 as the discovery cut-off deadline. Dkt. 17.

Over two and a half months passed. On February 24, 2015, Defendants filed their motion for summary judgment. Dkt. 19. Defendants' motion for summary judgment argued that there was no genuine dispute of material fact as to Haskett's age discrimination claims because: (1) his claim for age discrimination was time-barred; (2) Haskett could not establish a prima facie case of age discrimination because his own pleadings as well as the Defendants' summary judgment evidence demonstrated that people *over* the age of 40 were hired for the job in question, that Defendants had once hired Haskett himself for the same job when he was over 40 years old, and that Haskett was not qualified for the position in question; and, further, (3) Haskett's pleadings as well as the Defendants' summary judgment evidence demonstrated a legitimate, nondiscriminatory reason for not hiring Haskett, including previous lawsuits he had filed against them.  Defendants also sought summary judgment on Haskett's claim for breach of settlement agreement, contending Haskett's own pleadings, as well as their uncontested summary judgment evidence, *i.e.*, the plain language of that settlement agreement, showed there was no genuine dispute of material fact that Defendants had not breached the settlement agreement by the actions of which Haskett complained. Finally, Defendants also sought summary judgment as a matter of law on: (1) Haskett's request for declaratory relief, (2) his claim for intentional interference with prospective employment, (3) his civil conspiracy claims, and (4) his respondeat superior claims.

Rather than responding to the Defendants' motion for summary judgment, Haskett filed a motion on March 2, 2015—four days before the discovery cutoff Judge Rosenthal had set—seeking additional time to conduct discovery and respond to the Defendants' summary judgment motion. Dkt. 20, 25. Haskett contended that he was unable to respond to Defendants' motion because the Defendants had failed to fully respond to his written discovery requests, and he therefore had "declined to set depositions for any of the Defendants until he had these additional documents in his possession so that they could be addressed in depositions." Dkt. 20. Haskett elsewhere conceded, however, that by February 28, 2015, he had received over 800 pages of documents from Defendants, as well as responses to his interrogatories. He nonetheless argues that these responses were incomplete and dilatory, blaming Defendants for his alleged inability to respond to the motion for summary judgment.

Judge Rosenthal held a hearing on March 20, 2015. She denied Haskett's motion for additional time to complete discovery, and she also denied his motion for extension of time to file his summary judgment response—setting April 10, 2015 as the deadline for Haskett's response to Defendants' motion for summary judgment. Dkt. 26. A minute entry from that hearing shows that Judge Rosenthal specifically ordered Haskett to file "a response to the defendants summary judgment motion, addressing the defendants' arguments on (1) limitations, (2) his claim for breach of the settlement agreement, and (3) his tortious-interference claim. If appropriate after the court resolves these issues, the plaintiff may reurge the motion to extend discovery." After the hearing, Judge Rosenthal entered then a written order to that effect, but her written order did not include the

statement that she might, "if appropriate," allow Haskett to re-urge his motion for additional discovery at a later time. Dkt. 27. A week later, Defendants entered a stipulation withdrawing their request for summary judgment on Haskett's age discrimination claims on the ground of limitations, *i.e.*, that he had failed to timely file his ADEA claim.

Despite Judge Rosenthal's instructions, Haskett did not file any response to the Defendants' motion for summary judgment. Nor did he file any objections to the Defendants' summary judgment evidence.

On May 7, 2015, the case was reassigned to the undersigned. Dkt. 30. On December 9, 2015, this Court granted the Defendant's motion for summary judgment on all of Haskett's claims. In its Order, this Court made it clear that it was not granting summary judgment by default, but that it had instead considered each of the allegations in Haskett's Complaint and evaluated each of the grounds raised in the Defendants' motion for summary judgment in light of the summary judgment submitted by Defendants and Haskett's own allegations.

Haskett appealed this Court's Order and Final Judgment to the United States Court of Appeals for the Fifth Circuit. Haskett first complained that Judge Rosenthal had erred by failing to extend his time to conduct additional discovery and respond to the defendants' summary judgement motion. Next, he contended that this Court had erred by granting summary judgment on all of the grounds sought by Defendants—Haskett's appellate brief construed Judge Rosenthal's order as, in essence, instructing to him respond "to *only* three [of the eight] issues raised in CLS' dispositive motion." (emphasis

added). Thus, he argued that he was unfairly surprised and disadvantaged when this Court considered all of the issues raised in the Defendants' motion. Finally, he contended that this Court considered incompetent summary judgment evidence in granting Defendants' motion.

On November 30, 2016, the Fifth Circuit affirmed this Court's judgment, finding that Haskett had failed to show that Judge Rosenthal abused her discretion in denying his motion to extend time for discovery and extend time for his response to the Defendants' motion for summary judgment, and that Haskett had waived his right complain of this Court's granting summary judgment for Defendants by failing to raise it prior to his appeal.

Haskett has now filed a motion to vacate, asking this Court to vacate its summary judgment ruling and judgment under Rules 60(a) and 60(b)(1). Federal Rule of Civil Procedure 60(a), entitled "Corrections Based on Clerical Mistakes; Oversights and Omissions," states, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." FED. R. CIV. P. 60(a).

Similarly, Rule 60(b)(1) provides that, "on motion and just terms," a court may order relief from a judgment or order for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). The Fifth Circuit has made it clear that Rule 60(b)(1) is "extraordinary relief" that requires "the movant make a sufficient showing of unusual or

unique circumstances justifying such relief." *Pryor v. United States Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and the Fifth Circuit has also stated that a district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.*

Haskett's motion to vacate now argues that he was misled by Judge Rosenthal and this Court into a false sense of confidence, since he "expected that the Court would recognize that because his ADEA claim could not be dismissed for limitations, there was no longer any justification for the Court to deny his request to complete discovery." Elsewhere, he contends that this Court erred by granting summary judgment even though his request to extend time for discovery was "unresolved." He contends that this Court's entry of summary judgment happened "before he was afforded an opportunity to respond" and that such an action was "completely unjustified." He further contends, "there can be absolutely no dispute that Plaintiff was not afforded an opportunity to respond to that portion of the motion for summary judgment that concerned his ADEA claim, and that his failure to do so was the direct result of the Court's own orders."

At the outset, the Court notes that a response to a motion for summary judgment is not required by the Federal Rules of Civil Procedure. In truth, Rule 56(a) speaks only of the motion itself, and the obligations of the movant and the court in respect to that motion. FED. R. CIV. P. 56(a). If a nonmovant shows that it cannot respond, for certain specified reasons, a court may defer the motion, deny the motion, allow additional time for discovery, or issue any other appropriate order. FED. R. CIV. P. 56(d). A court may even, under certain circumstances, render summary judgment wholly independent of any motion. FED. R. CIV. P. 56(f). Further, the Local Rules for the Southern District of Texas make it clear that opposed motions will be submitted to the Court within 21 days from filing, "without notice from the clerk and without appearance by counsel," and that a Court may "its discretion, on its own motion or upon application, entertain and decide any motion, shorten or extend time periods. . ." Southern District of Texas, Local Rules 7.3, 7.8.

On the other hand, basic fairness would seem to require that Haskett be allowed some relief. The record in this case supports, to a certain degree, his argument that he has not had a full and fair chance to respond to the Defendants' motion for summary judgment on his age discrimination claim. Haskett has not, however, provided a proposed summary judgment response along with his motion to vacate. In consideration of Haskett's *pro se* status, the Court will allow him to file a proposed summary judgment response demonstrating why there is a genuine dispute of material fact in this case as to that particular claim. **Haskett's proposed response should comply with this Court's Procedures, and should be filed on or before January 20, 2017.** The Court will review

the proposed response, and will consider it as part of its decision on Haskett's motion to vacate. The Court may also consider whether, alternatively, Haskett's case should be dismissed under 28 U.S.C. § 1915(e).

To the extent that Haskett seeks to re-open discovery here, that request is denied. A discovery protocol specifically tailored for employment discrimination cases was in place early on in this case, documents were produced to him under that protocol, and Haskett had 4 months to seek additional discovery supporting his age discrimination claim. Although he blames Defendants for his inability to take depositions and find additional evidence, he failed to bring these alleged deficiencies to Judge Rosenthal's attention until the very end of the discovery period. Under these facts, this Court declines to reopen discovery in this case.

## CONCLUSION

Accordingly, the Court **ORDERS** as follows: **Haskett may file a proposed response to Defendant's motion for summary judgment on his age discrimination claim. The proposed response shall comply with this Court's Procedures, and is to be filed on or before January 20, 2017.**

SIGNED at Galveston, Texas, this 3rd day of January, 2017.

*/s/ George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge